# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| H.H., | * | No. 2:19-cv-755 |
| Plaintiff, | | Judge Algenon L. Marbley |
| | | Magistrate Judge Deavers |
| v. | * | |
| | | **MOTION OF ERIE INSURANCE** |
| G6 HOSPITALITY, LLC, et al. | | **EXCHANGE TO INTERVENE** |
| Defendant. | * | |

Pursuant to Federal Rule of Civil Procedure 24, Erie Insurance Exchange ("Erie") moves this Court for an Order allowing it to intervene in this action. The purpose of intervention is to file a complaint for declaratory judgment regarding insurance coverage issues arising under a contract of insurance between Erie and defendant Shahil, LLC. Erie seeks to participate in all aspects of this lawsuit, including discovery, to develop and be privy to the evidentiary record. A memorandum in support of this motion follows along with the proposed intervening complaint, attached as **Exhibit 1**.

Respectfully submitted,

*/s/ Gordon D. Arnold*
Gordon D. Arnold (0012195)
Bartholomew T. Freeze (0086980)
FREUND, FREEZE & ARNOLD
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
937-913-0103; 937-425-0203 (fax)
garnold@ffalaw.com; bfreeze@ffalaw.com
**Attorneys for Intervenor, Erie Insurance Exchange**

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

Plaintiff H.H. filed this lawsuit alleging she was the victim of sex trafficking beginning in March 2015.  H.H. alleges, *inter alia*, that Defendant Shahil, LLC ("Shahil") participated in or otherwise facilitated the sex trafficking activities described in her Complaint.  H.H. alleges claims against Shahil under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a).

Shahil seeks defense and indemnification from Erie for H.H.'s claims, under an insurance contract between Erie and Shahil.  Erie is presently defending Shahil in this lawsuit, subject to a reservation of rights.

Erie seeks to intervene in this lawsuit for the purpose of seeking a declaratory judgment regarding its obligations, if any, to defend and/or indemnify Shahil in relation to H.H.'s claims against them.  Erie also seeks the right to participate in all aspects of the lawsuit including but not limited to discovery and, if necessary, trial.

**II.    PROCEDURAL HISTORY**

On December 9, 2019, Judge Marbley denied two insurers' motions to intervene into a "related" case brought pursuant to the TVPRA.  M.A. v. Wyndham Hotels & Resorts, Inc., S.D. Ohio No. 2:19-cv-00849, Opinion & Order, Doc #171 (Dec. 9, 2019).  Erie acknowledges that those motions to intervene, and the issues they presented, are similar to Erie's motion herein.  But, under Ohio law, a failure of the insurance company to move to intervene binds it under collateral estoppel. *See Howell v. Richardson*, 45 Ohio St.3d 365, 544 N.E.2d 878 (1989); *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519 (2007) (holding that if the insurer is denied intervention, collateral estoppel will not prohibit future litigation of similar issues).

## III. LAW & ANALYSIS

### A. Erie is entitled to intervene as of right.

Federal Rule of Civil Procedure 24(a) governs when a person may "intervene as of right." When no unconditional federal statutory right to intervention exists, a proposed intervener—to intervene as of right—must establish: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *U.S. v. Tennessee*, 260 F.3d 587, 591–92 (6th Cir. 2001).

Here, Erie is entitled to intervention as a matter of right. *First*, Erie timely seeks to intervene. This lawsuit is in its initial stages, Erie has a valid legal purpose for intervention, and no prejudice will befall the parties because of Erie's intervention. *Second,* Erie has a "substantial legal interest" in this lawsuit, namely its interest concerning what obligations, if any, it owes to Shahil. *Third*, Erie's ability to protect its interest against Plaintiff will be impaired absent intervention. *Fourth*, the parties in the lawsuit do not adequately represent Erie's interests.

### B. Erie is also entitled to permissive intervention under Fed.R.Civ.P. 24(b).

Federal Rule of Civil Procedure 24(b)(1) generally governs "permissive intervention." When no conditional federal statutory right to intervention exists, the court may permit intervention if the proposed intervenor establishes that the motion for intervention (1) is timely and (2) "has a claim or defense that shares with the main action a common question of law or fact." See *Michigan*, 424 F.3d at 445. If the proposed intervenor establishes these two requirements, the court must "balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." Id.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

Here, Erie's motion (1) is timely and (2) alleges at least one common question of law or fact. As set forth *supra*, Erie's motion is timely. Moreover, Erie has a protectable legal interest that is subject to court evaluation and determination.

## IV. CONCLUSION

For the reasons set forth herein, Erie requests this Court grant its Motion to Intervene.

Respectfully submitted,

*/s/ Gordon D. Arnold*
Gordon D. Arnold (0012195)
Bartholomew T. Freeze (0086980)
FREUND, FREEZE & ARNOLD
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
937-913-0103; 937-425-0203 (fax)
garnold@ffalaw.com; bfreeze@ffalaw.com
**Attorneys for Intervenor, Erie Insurance Exchange**

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 23rd day of January, 2020, by the Court's electronic filing system, upon all counsel of record.

*/s/ Gordon D. Arnold*
Gordon D. Arnold (0071376)
Bartholomew T. Freeze (0086980)