IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| M.A., | : |
|     **Plaintiff,** | : Case No. 2:19-cv-849 |
| | : |
|   v. | : **CHIEF JUDGE ALGENON L. MARBLEY** |
| | : |
| **WYNDHAM HOTELS & RESORTS,** | : Magistrate Judge Deavers |
| **INC., et al.,** | : |
| | : |
|     **Defendants.** | : |

| | |
|---|---|
| H.H., | : |
| | : Case No. 2:19-cv-755 |
|     **Plaintiff,** | : |
| | : |
|   v. | : |
| | : |
| **G6 HOSPITALITY LLC, et al.,** | : |
| | : |
|     **Defendants.** | : |

## OPINION & ORDER

This matter is before the Court on Plaintiffs' Objections in related cases *M.A. v. Wyndham Hotels & Resorts, Inc., et al.* No. 2:19-CV-849 (*M.A.* ECF No. 149) and *H.H. v. G6 Hospitality, LLC., et al.*, No. 2:19-CV-755 (*H.H.* ECF No. 80) to the Magistrate Judge's October 7, 2019 Discovery Order (*M.A.* ECF No. 137; *H.H.* ECF No. 76) denying Plaintiffs' request that Defendants preserve potentially discoverable electronically stored information ("ESI"). For the reasons set forth below, this Court **ADOPTS** the Magistrate Judge's Order.

### I.    BACKGROUND

Plaintiffs filed their respective Complaints in March of 2019 against various hotel locations and their parent companies alleging civil violations of the Trafficking Victims

1

Protection Reauthorization Act ("TVPRA"). (*M.A.* ECF No. 1; *H.H.* ECF No. 1). This Court denied Defendants' Motions to Dismiss. (*M.A.* ECF No. 136; *H.H.* ECF No. 93). The parties have been proceeding with discovery.

On April 18, 2019, Plaintiffs sent preservation letters to Defendants requesting that Defendants place litigation holds on potentially discoverable electronically stored information ("ESI"). (*M.A.* ECF No. 139, *H.H.* ECF No. 78 at 7:13-19). On September 10, 2019, the Parties moved to enter orders regarding confidentiality and discovery of ESI. (*M.A.* ECF Nos. 114, 115; *H.H.* ECF Nos. 65, 66). The parties could not agree on a section proposed by Defendants related to certain excluded file types. (*M.A.* ECF No. 149, *H.H.* ECF No. 80 at 4). The Magistrate Judge scheduled a serious of telephonic status conferences to promote resolution. (*Id.* at 5). On October 7, 2019, the Magistrate Judge entered an oral ruling during a telephonic status conference denying Plaintiff's request that the franchisor Defendants preserve certain ESI. (*M.A.* ECF No. 137; *H.H.* ECF No. 76).

Plaintiffs filed timely Objections to the Magistrate's order on October 21, 2019. (*M.A.* ECF No. 149; *H.H.* ECF No. 80). Defendant Wyndham Hotels & Resorts, Inc. ("Wyndham") filed Responses in Opposition to Plaintiffs' Objections in both cases (*M.A.* ECF No. 155; *H.H.* ECF No. 83). Choice Hotels International, Inc., Defendant in *M.A.*, ("Choice") and G6 Hospitality, LCC ("G6"), Defendant in *H.H.*, each joined and adopted Wyndham's Response (*M.A.* ECF No. 156; *H.H.* ECF No. 84). Plaintiffs filed their Replies on November 12, 2019. (*M.A.* ECF No. 158; *H.H.* ECF No. 86). Plaintiffs' Objections are now ripe for review.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), district judges reviewing magistrate judges' orders on non-dispositive matters "must consider timely objections and modify or set aside any

2

part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

Rule 72(a) provides "considerable deference to the determinations of magistrates." *Siegler v. City of Columbus*, 2:12-CV-472, 2014 WL 1096159, at *1 (S.D. Ohio Mar. 19, 2014) (quoting *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995)). This Court has noted that "[w]hile Rule 72(a) does not use the phrase 'abuse of discretion,' the standard applied under this rule for a nondispositive motion parallels the standard outlined in *Getsy* for appellate review of discovery orders." *Nathan v. Ohio State Univ.*, 2:10-CV-872, 2013 WL 139874, at *2 (S.D. Ohio Jan. 10, 2013) (citing *Getsy v. Mitchell*, 495 F.3d 295, 310 (6th Cir.2007) (en banc) ("[a] district court abuses its discretion where it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact.")). The "clearly erroneous" standard applies to factual findings by the magistrate judge, while legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994). *See also Siegler*, 2014 WL 1096159, at *1-2 (S.D. Ohio Mar. 19, 2014). A factual finding is "'clearly erroneous' only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Siegler*, 2014 WL 1096159, at *1 (citing *Heights Cmty. Cong. v. Hilltop v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir.1985)). A district court's review of legal conclusions under the "contrary to law" standard "may overturn any conclusions of law which contradict or ignore applicable precepts of law." *Gandee*, 785 F. Supp. at 686; *see also Peters v. Credits Prot. Ass'n LP*, 2:13-CV-0767, 2015 WL 1022031, at *3 (S.D. Ohio Feb. 19, 2015).

## III.  LAW & ANALYSIS

The Sixth Circuit has explained that "[a]s a general matter, it is beyond question that a party to civil litigation has a duty to preserve relevant information, including ESI, when that party 'has notice that the evidence is relevant to litigation or… should have known that the evidence may be relevant to future litigation.'" *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (citing *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir.2001)). However, "[c]ourts have been cautious in requiring the mirror imaging of computers where the request is extremely broad in nature and the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantiated in nature." *Id.* at 459-60 (quoting *Balboa Threadworks, Inc. v. Stucky*, No. 05-1157-JTM-DWB, 2006 WL 763668, at *3 (D. Kan. Mar. 24, 2006)). Courts in the Sixth Circuit have relied on the Sedona Principles to guide their analysis of ESI discovery requests. *See, e.g., Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 515 (6th Cir. 2014); *John B.*, 531 F.3d at 459-60; *Swetlic Chiropractic & Rehab. Ctr., Inc. v. Food Levers, Inc.*, 2:16-CV-236, 2016 WL 1657922, at *2 (S.D. Ohio Apr. 27, 2016). The Sedona Principles caution that "forensic" data collection or mirror imaging of ESI "requires intrusive access to desktop, server, laptop, or other hard drives or media storage devices" and is "an expensive, complex, and difficult process of data analysis that can divert litigation into side issues and satellite disputes involving the interpretation of potentially ambiguous forensic evidence." The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production 19 Sedona Conf. J. 1, 140-41 (2018). The principles recommend ESI only be preserved upon a showing of special need. *Id.* at 144.

At the status conference with the Magistrate Judge, Plaintiffs explained the scope of the information they were seeking: "[W]e're looking at the duty that we believe Defendants had to

monitor online sex ads, ads that were identifying their hotel, their location, rooms and guests, WiFi internet access, things that may have been used through WiFi management controls of hotels in the rooms or in the cafes." (*M.A.* ECF No. 139, *H.H.* ECF No. 78 at 11:1-6). The Magistrate Judge found Plaintiffs' request was "not proportional to the needs of this particular case." (*Id.* at 21:12-15). Plaintiffs now argue the Magistrate's conclusion that the data was inaccessible or insufficiently relevant was clearly erroneous. (*M.A.* ECF No. 149, *H.H.* ECF No. 80 at 8-9). Plaintiffs now ask this Court to either: 1) set aside the Magistrate Judge's ruling and have parties brief the issue; 2) issue an order clarifying the Magistrate Judge's oral ruling; or 3) direct the parties to meet and confer with Defendants' custodians about the data to discuss potentially discoverable information and define the scope. (*Id.* at 9-10).

Defendants argued at the status conference that Plaintiffs' request would be costly and overly burdensome as applied to the franchisors. (*M.A.* ECF No. 139, *H.H.* ECF No. 78 at 13:7-19). Counsel for Defendant Choice said they have approximately 1,500 employees and 1,500 computers they would have to search pursuant to Plaintiffs' broad request. (*Id.*). Wyndham and G6 adopted Choice's remarks, and also noted they have over 10,000 employees and it would be very costly to prevent overrides of ESI that occur in the normal course of business on all of their computers. (*Id.* at 14:16-17, 18:16-20). In their Response to Plaintiffs' Objections, Defendants reiterate that the requested data would be extremely costly to collect, process, and review. (*M.A.* ECF No. 155, *H.H.* ECF No. 83 at 4-5). They argue the parties have already extensively litigated the issues and the Magistrate Judge sufficiently addressed them during the numerous telephonic status conferences. (*Id.* at 10). As such, they argue there is no need for further briefing or discussions and urge this Court to simply affirm the Magistrate's oral ruling. (*Id.*).

This Court finds that the Magistrate Judge's ruling survives Rule 72(a) review. First, this Court finds the Magistrate's findings of fact with respect to the burden the discovery request would place on the franchisor Defendants was not clearly erroneous. Rather, she based her opinion on Defendants' response to Plaintiffs' discovery requests demonstrating there was "a substantial chance" the data had already been overwritten in the normal course of business, and she relied on a declaration submitted by Defendants estimating the costs of imaging their computers. (*M.A.* ECF No. 139, *H.H.* ECF No. 78 at 20:23-21:7). Plaintiffs have not pointed to any evidence showing the Magistrate's findings of fact on this matter were clearly erroneous.

This Court further finds the Magistrate's legal conclusions were not contrary to law. Rather, the Magistrate Judge based on her conclusions on contemporary discovery standards regarding ESI. First and foremost, she relied on principles of proportionality, which she accurately noted are the "mainstay" in the "age of ESI." (*M.A.* ECF No. 139, *H.H.* ECF No. 78 at 21:12-15). *See John B.*, 531 F.3d at 460 ("compelled forensic imaging is not appropriate in all cases, and courts must consider the significant interests implicated by forensic imaging before ordering such procedures") (citing Fed.R.Civ.P. 34(a) Advisory Committee Note (2006) ("Courts should guard against undue intrusiveness resulting from inspecting or testing [electronic information] systems.")). The Magistrate Judge also noted, "the default standard for discovery in the United States District Court in Delaware… lists temporary internet history cache, cookies and the like among the type of files that are presumptively not needed to be preserved." (*M.A.* ECF No. 139, *H.H.* ECF No. 78 at 21:9-15). Applying these principles to her findings of fact, she concluded that "[Plaintiffs'] request is not proportional to the needs of this particular case." (*Id.* at 21:14-15).

Plaintiffs have not provided support for their argument that the Magistrate Judge's order is clearly erroneous or contrary to law. As Defendants maintain, Plaintiffs still have the opportunity to demonstrate a particularized need for the data. (*M.A.* ECF No. 155, *H.H.* ECF No. 83 at 6). This is consistent with the Sedona Principles, on which the Sixth Circuit has relied regarding ESI discovery matters. *See Automated Sols. Corp.*, 756 F.3d at 515; *John B.*, 531 F.3d at 459-60. Plaintiffs have made a general request for preservation of the franchisor Defendants' ESI. Given the large scope of the request, and in the absence of a showing of particularized or special need, the Magistrate Judge's conclusion that the burden of the discovery request outweighed any likely benefit was not clearly erroneous or contrary to law.

## IV.     CONCLUSION

For the foregoing reasons, this Court hereby **ADOPTS** the Magistrate Judge's October 7, 2019 Discovery Order (*M.A.* ECF No. 137; *H.H.* ECF No. 76).


**IT IS SO ORDERED.**

                                        s/ Algenon L. Marbley
                                       **ALGENON L. MARBLEY**
                                       **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  March 25, 2020**