IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| M.A., | : | |
|---|---|---|
| | : | Case No. 2:19-cv-849 |
| Plaintiff, | : | |
| | : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Deavers |
| WYNDHAM HOTELS & RESORTS, INC., et al., | : | |
| | : | |
| Defendants. | : | |

| H.H., | : | |
|---|---|---|
| | : | Case No. 2:19-cv-755 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| G6 HOSPITALITY LLC, et al., | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter comes before the Court on Erie Insurance Exchange's ("Erie") Motions to Intervene in related cases *M.A. v. Wyndham Hotels & Resorts, Inc., et al.* No. 2:19-CV-849 (*M.A.* ECF No. 168) and *H.H. v. G6 Hospitality, LLC., et al.*, No. 2:19-CV-755 (*H.H.* ECF No. 106). For the reasons set forth below, Erie's Motions to Intervene are **DENIED**.

### I. BACKGROUND

Plaintiffs, M.A. and H.H., allege they were trafficked for sex at several hotel locations in Columbus. (*M.A.* ECF No. 1 at ¶ 51; *H.H.* ECF No. 1 at ¶ 45). Plaintiffs seek to hold these hotels and their parent companies liable under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). Plaintiffs alleges that the hotel Defendants knew or should

1

have known their trafficking was happening on their properties. They point to behavior that they allege hotel staff should have recognized as signs of their trafficking. They allege that these hotels and their parent companies did not take adequate measures to prevent human trafficking. This Court issued Opinions and Orders denying Defendants' Motions to Dismiss in both cases. (*M.A.* ECF No. 136; *H.H.* ECF No. 93). On December 9, 2019, this Court issued an Opinion and Order denying Motions to Intervene by insurers American Family and Nationwide in *M.A.* (*M.A.* ECF No. 171).

In December 2019, Erie filed its Motion to Intervene in *M.A* and then filed a similar Motion in *H.H.* in January 2020. Erie is the purported liability insurer for Defendants Buckeye Hospitality, Inc. and Choice Hotels International, Inc. in *M.A.* and Defendant Shahil, LLC in *H.H.* (*M.A.* ECF No. 168 at 1; *H.H.* ECF No. 106 at 1). Erie argues it must be permitted to intervene as of right in order adequately to protect its interests. Alternatively, Erie argues the Court should exercise its discretion to grant permissive intervention.

## II. STANDARD OF REVIEW

Erie brings motions to intervene as of right under Federal Rule of Civil Procedure 24(a), or, in the alternative, permissive intervention under Rule 24(b).

Intervention as of right under Fed. R. Civ. P. 24(a)(2) requires a timely motion by a movant who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Movants must establish all elements of the four-part test, requiring: (1) that the motion was filed timely; (2) that a substantial legal interest is involved; (3) that an interest will be impaired without intervention; and (4) inadequate representation by the current parties. *Michigan State*

*AFL–CIO v. Miller,* 103 F.3d 1240, 1245 (6th Cir.1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy,* 6 F.3d 389, 395 (6th Cir.1993)).

Permissive intervention under Fed. R. Civ. P. 24(b)(1) permits a court to exercise its discretion to allow intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." If the motion is timely and there is at least one common question of law or fact, the Court consider whether intervention would cause undue delay or prejudice to the original parties, and any other relevant factors. *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 2:09-CV-136, 2010 WL 1839036, at *1 (S.D. Ohio May 3, 2010) (citing *Miller,* 103 F.3d at 1248).

### III. LAW & ANALYSIS

#### A. Intervention as of right

Erie first argues that it must be permitted to intervene because it has an interest related to the subject of the main action and its interests will be impaired if it is not permitted to intervene. In order to succeed on its motion, Erie must meet all four parts of the test for intervention as of right: (1) that the motion was filed timely; (2) that a substantial legal interest is involved; (3) that an interest will be impaired without intervention; and (4) inadequate representation by the current parties. *Miller*, 103 F.3d at 1245 (6th Cir.1997).

Erie claims a "substantial legal interest" in the subject of the actions because it issued a policy of insurance to Defendants Buckeye, Choice, and Shahil. (*M.A.* ECF No. 168 at 16; *H.H.* ECF No. 106 at 3). Erie claims these Defendants seek both defense and indemnity from it, and the potential for coverage for some of the claims against these Defendants makes Erie's interest direct and substantial. (*Id.*). In Plaintiffs' responses, they argue that the insurers' interest is contingent on the success of their claims, and therefore not direct or substantial. (*M.A.* ECF No.

3

179 at 6-7; *H.H.* ECF No. 109 at 6). The issues Erie is concerned with involve potential coverage under their insurance policies, which are issues irrelevant to Plaintiffs' Trafficking Victims Protection Reauthorization Act ("TVPRA") claims against Defendants. (*Id.* at 7; *Id.* at 6).

This Court recently decided two similar motions by insurers in *M.A.* and held "[t]he issues Movants are concerned with involve potential coverage under their insurance policies, which are issues irrelevant to Plaintiff's Trafficking Victims Protection Reauthorization Act ("TVPRA") claims against Defendants." *M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-CV-849, 2019 WL 6698365, at *2 (S.D. Ohio Dec. 9, 2019). This Court relied on its precedent *in J4 Promotions*, in which an insurer brought a similar motion to intervene and the Court found the coverage issue unrelated to the underlying copyright infringement and unfair competition claims in the case. 2010 WL 1839036 at *3. The Court noted "various courts have routinely denied intervention on grounds that insurers contesting coverage have no more than a contingent interest in the underlying action." *Id.* (citing *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989); *Nautilus Ins. Co. ex rel. Ecklebarger v. C.C. Rider, Inc.*, 2002 WL 32073073 (N.D. Ind. Nov. 25, 2002); *Nieto v. Kapoor*, 61 F. Supp. 2d 1177 (D.N.M. August 4, 1999); *Sachs v. Reef Aquaria Design, Inc.*, 2007 WL 2973841 (N.D. Ill. Oct.5, 2007)).

Failure to allege a direct and substantial interest in the subject of the litigation is alone fatal to Erie's claim for intervention as of right. The Court will also address, however, Erie's arguments relating to its ability to protect its asserted interests through other channels. Erie argues that if it is not permitted to intervene, it may be collaterally estopped from bringing a separate declaratory judgment action to determine whether Defendants' alleged conduct is covered or excluded by their policies (*M.A.* ECF No. 168 at 8; *H.H.* ECF No. 106 at 2). But the Supreme Court of Ohio held in *Gehm v. Timberline Post & Frame* that "issue preclusion would

4

not apply in a later suit if the insurer was denied leave to intervene in the prior suit." *Microsoft Corp. v. World Tech Investments LLC*, No. 1:18-CV-2915, 2019 WL 2314482, at *2 (N.D. Ohio May 31, 2019) (citing *Gehm v. Timberline Post & Frame*, 861 N.E.2d 519, 523 (Ohio 2007)). Cases decided before *Gehm*, such as *Howell v. Richardson*, 544 N.E.2d 878 (Ohio 1989), on which Erie relies, are less persuasive because the issue of collateral estoppel had not yet been clarified, meaning there was a greater risk that insurers may not be able to protect their interests through a separate declaratory judgment action. Under *Gehm*, that question has now been resolved.

The final element of intervention as of right requires that the movants' interests not be already adequately represented by the existing parties. Erie argues that it is possible all parties "may direct the lawsuit in a manner designed to trigger insurance coverage." (*M.A.* ECF No. 168 at 17). As this Court explained in its December 9 Order, "[b]ecause this Court has already found Movants' interest is contingent—rather than direct and substantial—and their asserted interests will not be impaired if intervention is denied, the Court need not decide whether their interests are adequately represented. Even though the other parties are not litigating the issue of insurance coverage, however, it is not clear that Movants' interests would not be adequately represented." *M.A.*, 2019 WL 6698365, at *3. As the Northern District of Ohio recently found, "[w]hile neither Plaintiff nor Defendants seek a decision in this case on the coverage dispute, both have a strong interest in litigating the intellectual-property infringement issue that is central to the potential coverage dispute." *Microsoft Corp. v. World Tech Investments LLC*, No. 1:18-CV-2915, 2019 WL 2314482, at *3 (N.D. Ohio May 31, 2019). Likewise, Plaintiffs and Defendants here have a strong interest in litigating the issue of Defendants' liability under the TVPRA, and Erie has not

sufficiently explained how they could do so in a manner "designed to trigger insurance coverage."

### B. Permissive Intervention

Erie also seeks permissive intervention under Rule 24(b). Erie argues that it should be permitted to intervene pursuant to Fed. R. Civ. P. 24(b) because its motions are timely, and its claims share a common question of law or fact with the main action and intervention will no cause undue delay or prejudice to the existing parties. (*M.A.* ECF No. 168 at 18-19; *H.H.* ECF No. 106 at 3-4). Plaintiffs argue that the question of insurance coverage is "a contract dispute" that is "wholly unrelated to this human rights matter" at issue in their complaints. (*M.A.* ECF No. 179 at 9; *H.H.* ECF No. 109 at 7).

This Court finds there is serious doubt as to the timeliness of Erie's motions to intervene, but that even if they were timely, the lack of commonality with the main action and the risk of delay and prejudice counsel against intervention in these cases. As Plaintiffs note, Erie filed its motion to intervene approximately eight and a half months after the complaint in *M.A.* and eleven and a half months after the complaint in *H.H.* and discovery is already underway. (*M.A.* ECF No. 179 at 6; *H.H.* ECF No. 109 at 5). *See J4 Promotions*, 2010 WL 1839036, at *3 (finding motion to intervene not timely when filed three and a half months after complaint where there was risk of delay or prejudice to the original parties). Other insurers filed similar motions to intervene several months earlier, and Erie does not provide an explanation for its delay.

Even setting aside the question of timeliness, this Court has found "[e]ven a timely application for permissive intervention should be denied where the intervenor has not established that a common question of law or fact exists between [its] proposed claim and the claim of one or more of the existing parties." *Comtide Holdings, LLC v. Booth Creek Mgt. Corp.*, No. 2:07-

cv-1190, 2010 WL 2670853, at *3 (S.D. Ohio June 29, 2010). Erie argues that the determination of its legal obligations to Defendants will be based on an evaluation and determination of the same factual record developed by the parties in these cases. (*M.A.* ECF No. 168 at 19). Plaintiffs respond that "Erie's dispute related to insurance coverage does not share common questions of law or fact with this lawsuit which relates to the human suffering caused by sex trafficking." (*M.A.* ECF No. 179 at 9). As this Court held in its December 9 Order, the insurer is interested in Defendants' liability "only insofar as it effects their coverage obligations." *M.A.*, 2019 WL 6698365, at *4. "[T]his interest is contingent on [Plaintiffs'] success, and requires a separate inquiry into the language of the insurance policies, which is wholly separate from the TVPRA claims in the main action." (*Id.*).

The the risk of delay and prejudice also counsel against permissive intervention in this case. As this Court discussed in *J4 Promotions*, there is a risk of delay and prejudice to the original parties if complex issues of coverage are introduced into a dispute, and intervention would force Plaintiff "to become involved in a coverage dispute in which it does not yet have an interest." 2010 WL 1839036 at *4. *See also Krancevic v. McPherson*, 2004-Ohio-6915, ¶ 8, 2004 WL 2931012 (Ohio Ct. App., Dec. 16, 2004) ("an intervening complaint and cross-claim for a declaratory judgment concerning its duties to defend and indemnify its insureds and to pay any judgment entered against its insureds… would have interjected a number of new issues as to which discovery and motion practice would have caused considerable delay").

For the reasons stated, this Court declines to exercise its discretion to grant permissive intervention to Erie.

## IV. CONCLUSION

For the foregoing reasons, Erie Insurance Exchange's Motions to Intervene (*M.A.* ECF No. 168; *H.H.* ECF No. 106) are hereby **DENIED.**

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: April 13, 2020**