IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| M.A., | : |
|         **Plaintiff,** | :   **Case No. 2:19-cv-849** |
| v. | :   **CHIEF JUDGE ALGENON L. MARBLEY** |
| | :   **Magistrate Judge Deavers** |
| **WYNDHAM HOTELS & RESORTS, INC., et al.,** | : |
|         **Defendants.** | : |

| | |
|---|---|
| H.H., | : |
|         **Plaintiff,** | :   **Case No. 2:19-cv-755** |
| v. | : |
| **G6 HOSPITALITY LLC, et al.,** | : |
|         **Defendants.** | : |

**OPINION & ORDER**

This matter is before the Court on Plaintiffs' Objections in related cases *M.A. v. Wyndham Hotels & Resorts, Inc., et al.* No. 2:19-CV-849 (*M.A.* ECF No. 154) and *H.H. v. G6 Hospitality, LLC., et al.*, No. 2:19-CV-755 (*H.H.* ECF No. 82) to the Magistrate Judge's October 18, 2019 Discovery Order (*M.A.* ECF No. 140; *H.H.* ECF No. 79) regarding confidentiality and electronically stored information ("ESI"). For the reasons set forth below, this Court **ADOPTS in part and REVERSES in part** the Magistrate Judge's October 18, 2019 Order.

### I.     BACKGROUND

Plaintiffs filed their respective Complaints in March of 2019 against various hotel locations and their parent companies alleging civil violations of the Trafficking Victims

1

Protection Reauthorization Act ("TVPRA"). (*M.A.* ECF No. 1; *H.H.* ECF No. 1). This Court denied Defendants' Motions to Dismiss. (*M.A.* ECF No. 136; *H.H.* ECF No. 93). The parties have been proceeding with discovery.

On April 18, 2019, Plaintiffs sent preservation letters to Defendants requesting that Defendants place litigation holds on potentially discoverable electronically stored information ("ESI"). (*M.A.* ECF No. 139, *H.H.* ECF No. 78 at 7:13-19). On September 10, 2019, the Parties moved to enter orders regarding confidentiality and discovery of ESI. (*M.A.* ECF Nos. 114, 115; *H.H.* ECF Nos. 65, 66). The parties could not agree on terms regarding the use of confidential and highly confidential documents during depositions and certain excluded file types from Defendants' obligations to preserve potentially discoverable information. (*M.A.* ECF No. 154, *H.H.* ECF No. 82 at 2). The Magistrate Judge scheduled a series of telephonic status conferences to promote resolution. (*Id.* at 4-5). On October 7, 2019, the Magistrate Judge entered an oral ruling during a telephonic status conference denying Plaintiff's request that the franchisor Defendants preserve certain temporary internet data. (*M.A.* ECF No. 137; *H.H.* ECF No. 76). Plaintiffs entered Objections ("First Objections") to this ruling on October 21, 2019. (*M.A.* ECF No. 149; *H.H.* ECF No. 80). This Court overruled Plaintiffs' First Objections on March 25, 2020. (*M.A.* ECF No. X; *H.H.* ECF No. X).

On October 18, 2019, the Magistrate Judge held another telephonic status conference, where she orally ruled, rejecting Plaintiffs' proposed language regarding the use of confidential information in depositions and other excluded ESI file types from preservation. (*M.A.* ECF No. 140; *H.H.* ECF No. 79). Plaintiffs filed Objections ("Second Objections") to aspects of the Magistrate's October 18 Order on November 2, 2019. (*M.A.* ECF No. 154; *H.H.* ECF No. 82). Defendant Wyndham Hotels & Resorts, Inc. ("Wyndham") filed Responses in Opposition to

2

Plaintiffs' Objections in both cases (*M.A.* ECF No. 161; *H.H.* ECF No. 89). Choice Hotels International, Inc., Defendant in *M.A.*, ("Choice") and G6 Hospitality, LCC ("G6"), Defendant in *H.H.*, each joined and adopted Wyndham's Response (*M.A.* ECF No. 162; *H.H.* ECF No. 90). Plaintiffs filed their Replies on December 2, 2019. (*M.A.* ECF No. 169; *H.H.* ECF No. 92). Plaintiffs' Objections are now ripe for review.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), district judges reviewing magistrate judges' orders on non-dispositive matters "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

Rule 72(a) provides "considerable deference to the determinations of magistrates." *Siegler v. City of Columbus*, 2:12-CV-472, 2014 WL 1096159, at *1 (S.D. Ohio Mar. 19, 2014) (quoting *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995)). This Court has noted that "[w]hile Rule 72(a) does not use the phrase 'abuse of discretion,' the standard applied under this rule for a nondispositive motion parallels the standard outlined in *Getsy* for appellate review of discovery orders." *Nathan v. Ohio State Univ.*, 2:10-CV-872, 2013 WL 139874, at *2 (S.D. Ohio Jan. 10, 2013) (citing *Getsy v. Mitchell*, 495 F.3d 295, 310 (6th Cir.2007) (en banc) ("[a] district court abuses its discretion where it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact.")). The "clearly erroneous" standard applies to factual findings by the magistrate judge, while legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994). *See also Siegler*, 2014 WL 1096159, at *1-2 (S.D. Ohio Mar. 19, 2014). A factual finding is "'clearly erroneous'

only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Siegler*, 2014 WL 1096159, at *1 (citing *Heights Cmty. Cong. v. Hilltop v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir.1985)). A district court's review of legal conclusions under the "contrary to law" standard "may overturn any conclusions of law which contradict or ignore applicable precepts of law." *Gandee*, 785 F. Supp. at 686; *see also Peters v. Credits Prot. Ass'n LP*, 2:13-CV-0767, 2015 WL 1022031, at *3 (S.D. Ohio Feb. 19, 2015).

### III. LAW & ANALYSIS

Federal Rule of Civil Procedure 26 governs the scope of discovery. It provides, in relevant part:

> (b)(1) Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The Sixth Circuit has explained the general test under Rule 26 is "whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Plaintiffs' Objections to the Magistrate Judge's October 18, 2019 ruling fall into three main categories. First, Plaintiffs object to language regarding confidential and highly confidential information used in depositions. Second, Plaintiffs object to certain categories of excluded file types from Defendants' preservation obligations. Lastly, Plaintiffs request permission from the Court to proceed with 30(b)(6) depositions. The Court will address each in turn.

### A. Confidentiality

4

Federal Rule of Civil Procedure 26(c) provides that courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

At the status conference, the Magistrate Judge accepted Defendants' proposal to require deponents to sign an acknowledgement before being shown documents designated as "confidential." (*M.A.* ECF No. 152, *H.H.* ECF No. 81 at 35:08-22). She also accepted Defendants' proposed language with respect to "highly confidential" information, which limits showing this information to employees, former employees, and contractors. (*M.A.* ECF No. 161, *H.H.* ECF No. 89 at 12). In their Objections, Plaintiffs argue these restrictions "will hinder the Parties' collective ability to effectively and meaningfully complete depositions." (*M.A.* ECF No. 154, *H.H.* ECF No. 82 at 8). Plaintiffs say they want to depose other guests of the hotels and Plaintiff's trafficker regarding Defendants' adherence to various hotel procedures, the known risks of sex trafficking in the hospitality industry, and prevention measures Defendants failed to disclose to staff and guests. (*Id.* at 9-10). Plaintiffs argue these depositions "will likely require the Plaintiff to show the respective Defendants' policies and procedures and guest safety protocols to witnesses who are not employed by an entity affiliated with the designating party." (*Id.* at 10).

With respect to the acknowledgements, this Court finds the Magistrate Judge's decision to accept Defendants' proposal requiring deponents to sign a confidentiality acknowledgement is not contrary to law. Plaintiffs expressed concern at the status conference that deponents would not sign them. (*M.A.* ECF No. 152, *H.H.* ECF No. 81 at 28:18-29:01). Defendants respond that the requirement that a non-party recipient of confidential information sign an acknowledgement is "conventional and consistent with the law" and Plaintiffs' argument that this requirement

5

undermines their ability to prosecute their case is "illogical and farfetched." (*M.A.* ECF No. 161, *H.H.* ECF No. 89 at 11). The Magistrate noted at the status conference that "it's quite common… to ask a deponent to execute the attached agreement to be bound and hold the materials confidential." (*M.A.* ECF No. 152, *H.H.* ECF No. 81 at 31:04-06). This Court has approved similar language in other cases. *See, e.g., Fletcher v. Honeywell Int'l*, No. 3:16-cv-302, 2016 WL5317328, at \*2 (S.D. Ohio Sept. 21, 2016) ("Before any Confidential Information and Material is disclosed by a receiving party… such person or entity shall be provided with a copy of this Order and shall sign Exhibit A, the Acknowledgment"). Other than speculative assertions that such a process would hinder their ability to conduct depositions, Plaintiffs provide no support for their claim that requiring deponents to sign a confidentiality acknowledgement is contrary to law.

The Magistrate Judge's ruling limiting highly confidential information to employees, former employees, and contractors also survives Rule 72(a) review. When considering the highly confidential information and the Defendants' concerns about disclosing trade secrets to their competitors, the Magistrate Judge concluded "we do need to protect the intellectual property of the defendants in the course of this multiple-defendant case." (*Id.* at 41:20-22). Rule 26(c) specifically contemplates protective orders "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). The Magistrate's ruling clearly falls within the bounds of Rule 26(c) and is not contrary to law.

For these reasons, this Court overrules Plaintiffs' objections and **ADOPTS** the Magistrate's ruling on this question.

### B. Electronically Stored Information ("ESI")

Courts in the Sixth Circuit have relied on the Sedona Principles to inform their analysis of ESI discovery requests. *See, e.g., Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 515 (6th Cir. 2014); *John B. v. Goetz*, 531 F.3d 448, 459-60 (6th Cir. 2008); *Swetlic Chiropractic & Rehab. Ctr., Inc. v. Food Levers, Inc.*, 2:16-CV-236, 2016 WL 1657922, at *2 (S.D. Ohio Apr. 27, 2016). The Principles, like Rule 26, emphasize that proportionality should guide the scope of ESI discovery. *See* The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production 19 Sedona Conf. J. 1, 67 (2018).

Plaintiffs object to the Magistrate Judge's ruling accepting Defendants' position to exclude certain file types from Defendants' obligations to preserve ESI, including: 1) data maintained in electronic backup systems; 2) server, system, and backup logs; and 3) calendar entries and contacts from mobile devices. (*M.A.* ECF No. 154, *H.H.* ECF No. 82 at 12). Defendants respond that the Magistrate's order accepting these excluded file types is not contrary to law and follows models from other jurisdictions. (*M.A.* ECF No. 161, *H.H.* ECF No. 89 at 2 n.2); (*Id.* Ex. B., Seventh Circuit Pilot Project Proposed Standing Order; *Id.* Ex. C, Model Order Relating to Discovery of ESI from the Eastern District of Michigan). Moreover, Defendants argue Plaintiffs waived objections at least to backup data and cell phone data because they agreed to the language proposed by the magistrate at the status conference. (*Id.* at 9-10).

This Court finds Plaintiffs' Objections lack merit. First, the status conference transcript reflects that Plaintiffs were largely in agreement with the Magistrate Judge's oral rulings on the ESI discovery issues. But, even if Plaintiffs did not consent to some or all of the Magistrate's decisions, this Court finds the Magistrate Judge's ruling excluding certain file types from preservation is not clearly erroneous or contrary to law.

The record indicates that Plaintiffs and Defendants spend substantial time discussing draft language regarding ESI discovery and reached agreement on a majority of the issues at the October 28, 2019 status conference. On the question of backup logs, Defendants responded to Plaintiffs' concerns by suggesting they adopt the District of Delaware's standard language and only exclude backup data that was "substantially duplicative" of data more accessible elsewhere. The Court asked Plaintiffs' counsel if the proposed language was sufficient, she responded "Yes." (*M.A.* ECF No. 152, *H.H.* ECF No. 81 at 13:15-24). Plaintiffs likewise accepted the Magistrate Judge's ruling with respect to mobile calendar entries and contacts. Defendants wanted to exclude "substantially duplicative" data while Plaintiffs wanted the language, "entirely duplicative." In response to Plaintiffs' concerns, the Magistrate Judge proposed "duplicative" without any qualifier, and Plaintiff agreed. (*M.A.* ECF No. 152, *H.H.* ECF No. 81 at 23:08-13) ("Court: if we remove substantially then I think that that is sufficient to address the concerns. Ms. Adams: Agreed, Your Honor. Thank you.").

Even if Plaintiffs did not consent, the Magistrate Judge's ruling survives Rule 72(a) review because Plaintiffs have not shown her decisions were clearly erroneous or contrary to law. The record reflects that Defendants' proposed language with respect to excluded file types was largely derived from the District of Delaware Default Standard for Discovery. (*M.A.* ECF No. 152, *H.H.* ECF No. 81 at 13:15-24, 25:25-26:04). This approach to backup systems is also supported by the Sedona Principles. *See* The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production 19 Sedona Conf. J. 1, 112-13 (2018) ("[a]bsent good cause, preservation obligations should not extend to disaster recovery backup tapes created in the ordinary course of business"). In discussing servers, systems, and backup logs, the Magistrate Judge applied principles of proportionality and

concluded Plaintiffs would receive "all kinds of relevant data" and "[w]e're talking about very limited amounts of information" that would be potentially relevant and not duplicative of data Plaintiffs would already be receiving in discovery. (*M.A.* ECF No. 152, *H.H.* ECF No. 81 at 25:19-26:04). Plaintiffs have not shown the Magistrate Judge's findings of fact were clearly erroneous or that her legal conclusions were contrary to law. Rather, the Magistrate Judge indicated that she was basing her decisions on guiding principles of proportionality, default standards in other jurisdictions, and current trends in ESI discovery.[1] Therefore, this Court overrules Plaintiffs' objection and **ADOPTS** the Magistrate's ruling on this question.

### C. 30(b)(6) Depositions

Finally, Plaintiffs "request[] this Court to allow Fed. R. Civ. P. 30(b)(6) depositions in order to help the Parties determine through factual inquiry, rather than Defendants' counsel's speculation, what file types do and do not exist and accordingly what file types do and do not need to be preserved as potentially discoverable information." (*M.A.* ECF No. 154, *H.H.* ECF No. 82 at 14-15). At the October 7, 2019 status conference, the Magistrate Judge explained, "I really don't think we should be doing discovery on discovery this early on." (*M.A.* ECF No. 139, *H.H.* ECF No. 78 at 24:20-25:02). She reiterated this position on October 18. (*M.A.* ECF No. 152, *H.H.* ECF No. 81 at 14:01-03).

Defendants first argue that Plaintiffs' objections on this point are untimely because the decision on 30(b)(6) depositions was decided in the October 7, 2019 conference. (*M.A.* ECF No. 161, *H.H.* ECF No. 89 at 14); (*M.A.* ECF No. 139, *H.H.* ECF No. 78 at 28:03-04). Under Rule

---

[1] During the status conference, the Magistrate Judge noted: "I just returned last night from a conference regarding ESI with judges all across the country and experts in the field of both producing and requesting parties and I have to say that given my understanding of the case law and after conferring with judicial officers and the experts, I have to say that the defendants' position here is spot on with what is going on across the country." (*Id.* at 5:19-25).

9

59(a), "[a] party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets." Fed. R. Civ. P. 59(a). This Court finds Plaintiffs' Objections timely because the time to file objections started again on October 18, 2019. While the Magistrate Judge did address the question of depositions on October 7, she also issued another oral ruling during the October 18, 2019 status conference, where she said: "at this point we're not going to be talking about 30(b)(6) depositions and so the plaintiffs' proposal in that regard is rejected." (*M.A.* ECF No. 152, *H.H.* ECF No. 81 at 14:01-03). This constituted another "oral order" on the question, from which Plaintiffs had fourteen days to file Objections under Rule 59. Plaintiffs Objections filed on November 2, 2019 are, therefore, timely.

On the merits, this Court finds the applicable precepts of law counsel in favor of allowing Plaintiffs to proceed with 30(b)(6) depositions to assess whether Defendants have relevant documents or data that warrant preservation. This Court has permitted depositions regarding the adequacy and scope of document production. In *United States v. Dayton Industrial Drum, Inc.*, the Court permitted depositions "to locate responsive documents" and rejected arguments that this would constitute impermissible "meta-discovery" or "discovery on discovery." No. 3:16-CV-232, 2018 WL 10509396, at *4 (S.D. Ohio Mar. 27, 2018). The Magistrate Judge did not provide a legal basis for her ruling, other than her opinion it was too "early on" to proceed with depositions. Plaintiffs' contention that they intend to conduct 30(b)(6) depositions to determine "what file types do and do not exist and accordingly what file types do and do not need to be preserved as potentially discoverable information" demonstrates a need for such discovery in order to prosecute their case. (*M.A.* ECF No. 154, *H.H.* ECF No. 82 at 15). Plaintiffs also suggest information gleaned from the 30(b)(6) depositions may help limit the scope of discovery. (*Id.* at

14). Neither Defendants nor the Magistrate Judge provided a contrary legal basis for prohibiting them to go forward, and this Court notes that the scope of discovery under Rule 26 is "traditionally quite broad." *Lewis*, 135 F.3d at 402. For these reasons, this Court sustains Plaintiffs' objection and **REVERSES** the Magistrate Judge's ruling on this point.

### D.  CONCLUSION

For the foregoing reasons, this Court hereby **ADOPTS in part and REVERSES in part** the Magistrate Judge's October 18, 2019 Discovery Order. The Court **ADOPTS** the Order with respect to the confidentiality order and excluded ESI file types, and **REVERSES** the Order prohibiting 30(b)(6) depositions to go forward. (*M.A.* ECF No. 154; *H.H.* ECF No. 82).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  April 27, 2020**