IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| H.H., an individual, | : | Case No.: 2:19-cv-00755 |
| --- | --- | --- |
| | : | Judge: Algenon L. Marbley |
| | : | Magistrate Judge: Elizabeth Preston |
| | : | Deavers |
| Plaintiff, | : | |
| | : | |
| --vs.-- | : | |
| | : | |
| G6 HOSPITALITY, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT NORTHLAND HOTEL, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO PREVENT THE VOLUNTARY DISCLOSURE OF PLAINTIFF'S IDENTITY TO HER TRAFFICKER(S)**

Now comes Defendant Northland Hotel, Inc., ("Northland Hotel" or "Northland"), by and through the undersigned counsel, and submits the following Memorandum in Opposition to Plaintiff's Motion for a Protective Order to Prevent the Voluntary Disclosure of Plaintiff's Identity to Her Trafficker(s).

I. Introduction

Plaintiff has accused Northland of participating in a venture with Plaintiff's sex trafficker (*See* Compl., ECF No. 1), a claim which Northland vehemently denies, and yet Plaintiff now seeks to block Northland from investigating the alleged co-venturer, and any of his or her associates. Plaintiff's requested protective order would unreasonably limit Defendant's ability to conduct discovery and investigate Plaintiffs' claims and establish its defenses. The permitted bounds of discovery allowed by Federal Civil Rule 26(b)(1) are broad, and Plaintiff has not shown good cause to completely stymie Defendants' available discovery. Furthermore, Plaintiff's refusal to

provide information in discovery undercuts her argument against the need for Defendants to investigate her trafficker.

**II.    Plaintiff's Requested Protective Order Would Unduly and Unfairly Limit Defendant Northland's Ability to Investigate the Claims Asserted Against It.**

It is axiomatic that the Federal Rules of Civil Procedure grant a civil defendant the fair opportunity to investigate allegations levied against it. *See Hickman v. Taylor* (1947), 329 U.S. 495 ("civil trials in the federal courts no longer need be carried on in the dark. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial"). This Court has previously stated "under the Federal Rules of Civil Procedure, there is a presumption that any party to a lawsuit, in furtherance of either a claim or a defense, may obtain discovery of any information which has some identifiable relationship with the merits of that claim or defense." *Long v. Am. Red Cross*, 145 F.R.D. 658, 660 (S.D.Oh. 1993). Plaintiff's requested Protective Order would severely handicap Northland's ability to obtain the fullest possible knowledge as to the issues and facts surrounding the allegations of Plaintiff.

Northland is extremely sensitive to Plaintiff's status as a sex-trafficking victim. It entered into a Stipulated Protective Order early in this case (ECF No. 36) and there is no allegation by Plaintiff that Northland has not fully complied therewith. Plaintiff's Motion seeks to expand those stipulated protections and forbid Northland from conducting what may become relevant and necessary discovery. At this time, Northland has not attempted to contact Plaintiff's trafficker nor does Northland have any current plans to contact Plaintiff's trafficker. However, should it become necessary in the course of discovery to question Plaintiff's trafficker, Northland should not be preemptively encumbered in its discovery efforts. As set forth below, there are compelling reasons that Defendant may need to contact Plaintiff's trafficker.

### A. Information from Plaintiff's Trafficker May Be Essential For Northland's Defenses.

Plaintiff's justification for her request to preemptively block discovery of Plaintiff's trafficker is flawed in several ways. First, Plaintiff tries to diminish the value of an investigation of Plaintiff's trafficker by suggesting that Northland can be liable to the Plaintiff "independently of the trafficker's misconduct." (Plaintiff's Mot., ECF No. 122, PAGEID #1499). This is a misstatement of law. Civil liability under 18 U.S.C. § 1595 requires proof that a defendant participated in a venture with Plaintiff's trafficker. Indeed, this Court previously held that "in the absence of a direct association, Plaintiff must allege at least a showing of a continuous business relationship between the trafficker and the hotels such that it would appear that the trafficker and the hotels have established a pattern of conduct or could be said to have a tacit agreement." (Opinion & Order, ECF No. 93, PAGEID #1191). Northland's liability to H.H is predicated on the trafficker's misconduct. Northland must be afforded the opportunity to explore in discovery this essential element of Plaintiff's claim, which may include questioning Plaintiff's trafficker to discern facts about the trafficking of H.H.

Second, Plaintiff fails to acknowledge that proximate causation is an essential element of this claim and, consequently, demonstrating a lack of proximate causation is a core defense. Plaintiff must produce evidence that the generally-asserted allegations in her Complaint actually occurred to her at Northland's property. This Court previously held that defendants will not be held jointly and severally liable - *see id*., at PAGEID 1192 - meaning Plaintiff must prove each of her allegations against Northland specifically. She must be able to prove *when* she was trafficked at Northland's property and what happened to her specifically at Northland's property.[1] She must

---
[1] The U.S. Judicial Panel on Multidistrict Litigation denied the MDL petition in MDL No. 2928 in part because "each action involves different alleged sex trafficking ventures, different hotel brands, different owners and employees, different geographic locales, different witnesses, different indicia of sex trafficking, and different time periods." Case

prove sufficient facts to prove that Northland should have known they were engaged in a "continuous business relationship" with the trafficker "such that it would appear that the trafficker and the hotel[] have established a pattern of conduct or could be said to have a tacit agreement." *Id*.; PAGEID 1191. This is a fact-intensive inquiry.

Plaintiff's answers to interrogatories propounded upon her by Northland demonstrate a complete lack of specific evidence against Northland. Plaintiff has not produced a single document specific to Northland, nor has she provided any information or interrogatory answers specific to Northland. Plaintiff has not provided any evidence she was ever at Northland's property other than generally-asserted allegations in the Complaint. Defendant must be afforded the opportunity to investigate the specific facts of Plaintiffs' claim. This is especially true in this instance because Plaintiff has refused to identify the name of her trafficker, and in this motion for protective order, for the first time publically[2], suggests that she had multiple "trafficker(s)," including some "still at large." (*See e.g.,* Plaintiff's Mot., ECF No. 122, PAGEID #1503). Without disclosing even the name(s) of her trafficker(s), it is hard to imagine how "any such evidence to demonstrate whether or not Plaintiff was trafficked at a particular hotel could be obtained from Defendants' own files and systems, other witnesses, and from Plaintiff herself," as Plaintiff suggests. (*Id*., ECF No. 122, PAGEID #1499). Plaintiff's refusal to meaningfully answer written questions in discovery forces Defendants to resort to other means to investigate this claim—which may include investigating Plaintiff's trafficker, or traffickers, in the plural form of the word. Plaintiff should not be permitted

---

MDL No. 2928, Doc. 235, Page 2. While that was true of the cases petitioned for centralization in the MDL, it is also true of the claims of H.H. against each individual Defendant in this case. This Court has commented further that "[q]uestions about the extent of [Hotel Defendants' knowledge] of the trafficker and the trafficking venture will be resolved in discovery * * *" Opinion & Order, ECF No. 93, PAGEID # 1192, at fn. 2.

[2] Plaintiff footnoted a reference in her Initial Disclosures served upon Northland on September 27, 2019, to "…the person that advertised the Plaintiff on Backpage.com and trafficked the Plaintiff at the Defendants' hotel properties as alleged in the Complaint *and any acquaintance of those persons*…" (emphasis added). The fact that, according to Plaintiff, her trafficker may have acquaintances with seemingly relevant information militates in favor of Northland being able to conduct full and fair discovery and investigation into Plaintiff's claims in this matter.

4

to shield herself from providing any information and also block Defendants from obtaining that information from other available means. Thus, although Plaintiff postulates that it is "impossible to conceive" why Defendants may need to investigate or question Plaintiff's trafficker about the trafficking of H.H. (*Id*., ECF No. 122, PAGEID #1505), the opposite is true. Defendants must be permitted to engage in reasonable discovery in this case, which may include investigating Plaintiff's trafficker, who Plaintiff alleges participated in a venture with Northland Hotel, and others.

### B. Plaintiff Has Not Provided Good Cause as to Why the Current Governing Stipulated Protections Are Insufficient and Instead Requests Additional Orders That Would Substantially Stifle Northland's Ability to Defend.

The Stipulated Protective Order was agreed to by the parties and negotiated in order to protect Plaintiff in this case. (Stipulated Protective Order, ECF No. 36, PAGEID #205-210). That Order states, in part:

> 3. The Parties . . . shall keep the true identity of Plaintiff confidential during and after the conclusion of this matter. Notwithstanding the foregoing, the Parties may disclose Plaintiff's true identity to the following:
> …
> G. Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent that Plaintiff's true identity will assist the witness in recalling, relating, or explaining facts or in testifying[.]

(*Id*. at PAGEID #207). Therefore, there are already substantial protections in place to safeguard Plaintiff.

Plaintiff instead calls for an additional order that Defendants must notify Plaintiff's counsel about the nature and character of any investigation involving Plaintiff's trafficker before the investigation can proceed. This severely invades upon the province of the defense's case strategies and essentially calls for defendants to divulge their work product—i.e., their trial strategies and plans—to plaintiff before engaging in discovery efforts. Plaintiff has not cited any authority for

5

this substantial overreach. Going even further, Plaintiff requests the Court to order that any defendant must demonstrate good cause prior to making contact with the Plaintiff's trafficker. This approach contravenes the imposition of burden envisioned by of FRCP 26(c)(1), instead requiring a demonstration of good cause by Defendants before they can engage in discovery. There is no such requirement in FRCP 26. Going even further yet, Plaintiff requests the institution of a "protocol" to impose a burden upon Defendants to demonstrate why they want to contact Plaintiff's trafficker. Such an order would pose a tremendous burden upon defendants and essentially force Defendants to completely disclose any defense strategies and theories to Plaintiff's counsel.

The Supreme Court of the United States has previously articulated the important consideration of a party being able to strategize and prepare his case without undue and needless interference:

> [I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he [or she] considers to be the relevant from the irrelevant facts, prepare his [or her] legal theories and plan his [of her] strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests.

*Hickman v. Taylor*, 329 U.S. 495, 510–11, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947). While Northland takes very seriously Plaintiff's safety (as well as the safety of all other persons), the requested order imposes substantial and severely prejudicial obstructions to Northland's ability to investigate Plaintiff's claims and to defend itself in this matter. Plaintiff has not demonstrated the likelihood that harm would befall her without the requested protections, so as to warrant these substantial limitations upon Defendant's ability to conduct discovery and prepare its defenses, especially in light of the Stipulated Protective Order already in place.

### III. Conclusion

For all the reasons stated above, Defendant Northland Hotel respectfully requests that this Court deny Plaintiff's Motion for Protective Order to Prevent Voluntary Disclosure of Plaintiff's Identity to Her Trafficker(s).

Respectfully submitted,

DOUGHERTY, HANNEMAN
  & PICCIN, LLC

*/s/ Joseph L. Piccin*
JOSEPH L. PICCIN
Ohio Bar Reg. No. 0072553
3010 Hayden Road
Columbus, OH 43235
Tel.: 614-659-9616
Fax: 614-798-1935
Mobile: 614-354-1099
E-mail: JLP@joepiccin.com
**Counsel for Defendant
Northland Hotel, Inc.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing Memorandum in Opposition was uploaded for electronic filing through the Court's Electronic Case Filing System (CM/ECF), and Notice will thus be sent to all registered parties, per Civil Rule 5(b)(2)(E), on this 20th day of July, 2020.

*/s/ Joseph L. Piccin*
JOSEPH L. PICCIN (0072553)