IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**H.H.,**

    **Plaintiff,**

                                         **Civil Action 2:19-cv-00755**
                                       **Chief Judge Algenon L. Marbley**
    **v.**                                   **Chief Magistrate Judge Elizabeth P. Deavers**

**G6 HOSPITALITY, LLC,**
 et al.,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff H.H.'s Motion for a Protective Order. (ECF No. 122.) Defendants Northland Hotel, Inc. ("Northland") and Wyndham Hotels and Resorts, Inc. ("Wyndham") have filed responses. (ECF Nos. 125 and 127, respectively.) Defendant G6 Hospitality, LLC ("G6") has filed a Notice indicating its joinder in Wyndham's response. (ECF No. 128.) Plaintiff has filed a consolidated reply and the motion is now ripe for decision. (ECF No. 136.) For the following reasons, Plaintiff's Motion is **DENIED.**

**I.**

Plaintiff, H.H., alleges she was trafficked for sex from approximately March 2015 to October 2015 at Motel 6 and Super 8 hotel locations in Columbus. (ECF No. 1 at ¶ 45.) Plaintiff now seeks to hold these hotels liable under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a).

The Court entered the parties' agreed Stipulated Protective Order allowing Plaintiff to proceed pseudonymously in this case on June 10, 2019. (ECF No. 36.) Plaintiff now seeks a protective order to prevent the voluntary disclosure of her identity to her traffickers. To be clear, despite the Motion's sidestepping of this issue, Plaintiff does not seek the entry of an entirely new protective order. Rather, Plaintiff seeks a modification of the existing protective order negotiated and agreed upon by the parties more than one year ago. Specifically, Plaintiff proposes the following specific revisions, indicated in bold:

> 3. The parties, as well as their agents, employees, and assigns shall keep the true identity of the Plaintiff H.H. confidential during and after the conclusion of this matter. Notwithstanding the foregoing, the Parties may disclose Plaintiff's true identity to the following:
>
> …
>
> G. Any potential, anticipated, or actual fact witness **(excluding Plaintiff's trafficker(s) or affiliate(s))** and his or her counsel, but only to the extent that Plaintiff's true identity will assist the witness in recalling, relating, or explaining facts or in testifying;
>
> …
>
> K. Other persons or entities as needed to litigate any claims or defenses upon consent of the Parties. **Any of these other persons or entities (an authorized representative or attorney of the entity may sign on the entity's behalf) must sign the acknowledgment and agreement to be bound before disclosure.** Consent shall not be unreasonably withheld.

It is with this background in mind that the Court will address the current motion.

## II.

The burden of establishing good cause for a protective order rests with the movant. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). To establish good cause, the movant must articulate "specific facts" showing the risk of a "clearly defined and serious injury." *Id*. Under Federal

Rule of Civil Procedure 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense, . . . ." Fed. R. Civ. P. 26(c)(1).

Mere speculation or unsubstantiated fears of prejudice are insufficient to justify the imposition of a protective order burdening a party's trial preparation. *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550-551 (6th Cir. 2004) ("If [the movant's] unsubstantiated fears of prejudice justified a protective order, such orders would be justified in virtually every case . . . ."). The decision to grant or deny a motion for protective order "falls within the broad discretion of the district court managing the case." *Century Prod., Inc. v. Sutter*, 837 F.2d 247, 250 (6th Cir. 1988). "To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required . . . . The trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

District courts likewise have the power to modify protective orders. *In re Upjohn Co. Antibiotic Cleocin Products Liab. Litig.*, 664 F.2d 114, 118 (6th Cir. 1981) ("Clearly, the power of a district judge includes the power to modify a protective order." (citations omitted)). Here, as set forth above, in the subject Motion, Plaintiffs seek modification of an existing Protective Order that the Court approved upon the parties' joint request. Under these circumstances, courts within this Circuit have required the party seeking the modification to show good cause for the modifications sought. *See, e.g.*, *Info-Hold, Inc. v. Muzak Hldgs LLC*, No. 1:11-cv-283, 2012 WL 3061024, at *3 (S.D. Ohio July 26, 2012) (citations omitted) ("The party who seeks to modify [the] protective order has the burden of establishing good cause for the modification."); *In re Southeastern Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 914 (E.D. Tenn. 2009) ("The party

3

seeking modification of the protective order has the burden of establishing cause for the modification."); *Hochstein v. Microsoft Corp.*, No. 04-73071, 2008 WL 4287594, at *2 (E.D. Mich. Sept. 24, 2008) ("It is also within the district court's authority to modify the protective order upon a showing of good cause.").

Notably, some trial courts within this circuit appear to apply a heightened burden where, as here, the party seeking modification had agreed to the entry of the protective order. *See, e.g.*, *Playa Marel, P.M., S.A. v. LKS Acquisitions, Inc.*, C–3–06–366, 2007 WL 756697, at *5 (S.D. Ohio Mar. 8, 2007) ("Further the Agreed Protective Order was stipulated to by the parties and approved by the Court. Therefore, by its nature, the protective order should not be readily modified."); *Hochstein*, 2008 WL 4287594, at *2 ("The burden is especially high where the parties stipulate to the protective order." (citations omitted)); *Children's Legal Servs. P.L.L.C v. Kresch*, No. 07-cv-10255, 2007 WL 4098203, *1–2 (E.D. Mich. Nov. 16, 2007) (collecting cases noting "the higher burden on a movant to justify modifying a protective order that was *agreed* to by the parties").

Federal Rule of Civil Procedure 26(c)(1) requires a party moving for a protective order to include a certification that the movant has, in good faith, conferred or attempted to confer with .26(c)(1). The Court finds that this prerequisite to filing a motion for a protective order also applies to requests for modifications of a protective order and concludes that it has been satisfied here.

## III.

Plaintiff argues that the proposed modification is necessary because, since the entry of the Stipulated Protective Order (ECF No. 36), "one or more Defendants have expressed an interest in approaching the Plaintiff's trafficker(s) during the course of discovery." (ECF No. 122, at p. 2.)

Accordingly, Plaintiff seeks a modification to "clearly define the parameters under which contact with the Plaintiff's trafficker(s) shall occur to protect the Plaintiff from serious risk of harm." (*Id*.)  As Plaintiff further explains, these parameters include an outright prohibition on voluntarily disclosing or "otherwise providing" Plaintiff's identity.  (*Id.* at p. 1.)

In support of her Motion, Plaintiff relies heavily on federal and state laws mandating protections for crime victims, including the Crime Victims' Rights Act, 18 U.S.C. § 3771 and Ohio's version of Marsy's Law, which she contends address analogous concerns.  (ECF No. 122, at pp. 4-7.)   Further, she contends that Defendants' contact with her alleged trafficker(s) would not yield any relevant information but would subject her to intimidation and danger.  (*Id.* at pp. 8-10.)  Plaintiff also likens her situation to that faced by whistleblowers, informants, or political activists where threat of repercussion is significant. (*Id*. at pp. 10-11.)

Plaintiff initially suggests a panoply of restrictions, none of which she incorporates into her proposed modified protective order.  By way of example, Plaintiff's proposed restrictions range from a total ban on the Defendants' voluntary disclosure of her identity to her trafficker to a requirement that Defendants afford her advance notification or make a good cause showing prior to contact.  Plaintiff also suggests the appointment of a special master to institute a protocol.  In reply, however, Plaintiff walks back her multiple suggestions, explaining that she "simply seeks the adoption of a protective order which would prevent the uninhibited disclosure of P's identity to trafficker(s) or her traffickers' associate(s)."  (ECF No. 136, at p. 3; *see also* p. 8 "… Plaintiff's main request is that the Defendants do not voluntarily disclose the Plaintiff's identity to her trafficker(s) or her traffickers' associates.")

Defendants oppose Plaintiff's motion on numerous bases, both general and specific.  For example, Wyndham asserts that more than a year after entering into the Stipulated Protective

5

Order, Plaintiff now seeks a modification based entirely on the argument of counsel. In Wyndham's view, Plaintiff has not identified any change of circumstance or new and particularized risk of harm requiring any modification, let alone done so backed up by evidentiary support. Wyndham labels disingenuous Plaintiff's suggestion that, until recently, she was unaware that Defendants would want to speak with her traffickers. Wyndham also charges that Plaintiff has set forth inconsistent allegations, asserting that counsel's argument is the first time Plaintiff has suggested that there may have been more than one trafficker.

Moreover, according to Wyndham, the relief Plaintiff seeks is not narrowly tailored but represents a blanket prohibition violative of Defendants' due process rights with respect to presenting a defense. Wyndham also contends that other courts have not granted the relief Plaintiff seeks here. Finally, Wyndham argues that Plaintiff has not disclosed what protective measures she has taken, including reporting at large traffickers to law enforcement.

For its part, Northland agrees that Plaintiff's proposed restrictions would handicap the investigation of her allegations, and Defendants should not be preempted from contacting the alleged trafficker(s) if they determine it is necessary for their defense. Northland explains that its liability is predicated on the alleged trafficker's misconduct on Northland property. According to Northland, Plaintiff has refused to identify her alleged trafficker and Plaintiff's approach to discovery has increased the likelihood that Defendants will be required to contact her trafficker(s). Finally, Northland echoes Wyndham's concerns that substantial protections have already been negotiated and have been in place for a year and Plaintiff has failed to meaningfully demonstrate why they are insufficient.

**IV.**

Plaintiff's motion does not merit lengthy discussion. Regardless of whether the Court applies a heightened burden here, Plaintiff has failed to establish good cause for the modification of the Stipulated Protective Order she seeks.

First, the Court agrees, as Defendants emphasize, that Plaintiff has not set forth any compelling circumstances warranting a modification of the previously stipulated order. Plaintiff has provided no evidence of any specific risk posed by her alleged trafficker(s) over the course of the last year as discovery has been ongoing that would necessitate the increased restrictions she proposes. Instead, as good cause, Plaintiff cites the inherently sensitive and violent nature of sex trafficking. The risks Plaintiff cites today, however, would seem to have been similarly apparent when the parties negotiated the stipulated order. Absent something beyond the mere argument of counsel, the Court simply is not persuaded that any change to the parties' agreed upon protocol is necessary.

Other particular factors also cause the Court to question how adamantly Plaintiff pursues the relief she seeks in the current Motion. For example, Plaintiff has not meaningfully set forth specific restrictions which she contends will meet her safety needs as well as Defendants' needs to investigate her allegations. Rather, Plaintiff appears to tender countless recommendations hoping that the Court and Defendants finds one amendable, while, at the same time, also proposing an outright ban on Defendants' contact with her alleged trafficker(s). Plaintiff seems to recognize as much in her briefing. Further, the Court, based on its own experience with litigation generally and its familiarity with this case specifically, also questions the likelihood that the prospect of Defendants' contacting her trafficker(s) is only recent news to Plaintiff. In

short, taking all of the above into account, Plaintiff has failed to establish good cause for a modification of the stipulated protective order.[1]

## V.

For the reasons set forth above, Plaintiff's Motion for a Protective Order (ECF No. 122) is **DENIED.**

**IT IS SO ORDERED.**


Date:  September 10, 2020                  /s/ *Elizabeth A. Preston Deavers*
                                           **ELIZABETH A. PRESTON DEAVERS**
                                           **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court notes that the circumstances of Plaintiff's motion in this case stand in contrast to those recently addressed by the Court in *A.C. v. Red Roof Inns, Inc.,* No. 2:19-cv-4965. (Opinion and Order, ECF No. 86.)  That case did not involve the modification of a Stipulated Protective Order but required the Court to address similar issues in the first instance.  Nothing in this Opinion and Order prevents the parties from meeting and conferring to negotiate such similar modifications here and, upon agreement, submitting a Revised Stipulated Protective Order to the Court for signature.